VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     25-AP-368



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2026

| | |
|---|---|
| Jason Eaton\* v. Nicholas Deml and Amy Jacobs | APPEALED FROM:<br><br>Superior Court, Orleans Unit, Civil Division<br>CASE NO. 24-CV-02814<br>Trial Judge: Benjamin Battles |

In the above-entitled cause, the Clerk will enter:

Petitioner, a detainee in the custody of the Vermont Department of Corrections, appeals from a civil division order granting summary judgment to defendants—Department officials—in his challenge to his conviction of a major disciplinary violation.  We affirm.

## I.  Background

The following facts were undisputed for purposes of summary judgment.  Petitioner is detained pending trial on serious charges that have received widespread publicity.[1]  On April 16, 2024, he notified correctional officers at Northern State Correctional Facility that he felt unsafe in his unit and requested placement in administrative segregation.  On April 22, the Department granted petitioner's request.  Petitioner remained in administrative segregation until April 26, when he was returned to the general population with his agreement.

On May 25, petitioner reported to a correctional officer that he had been threatened by his cellmate and requested placement in protective custody.  The correctional officer notified the shift supervisor and told petitioner that the supervisor would meet with him while making his rounds.  Petitioner waited in the dayroom for several hours without having made contact with the supervisor.

---

[1]  The Department requests that we take judicial notice of the charges pending against petitioner in his criminal case, pointing out that they were not identified in the record below. Insofar as the Department does not explain why the specific charges are relevant to the issues before us in this appeal, we deny the request.  See, e.g., State v. Gurung, 2025 VT 52, ¶ 27 n.3 (denying request to take judicial notice on grounds that materials sought to be noticed "are unnecessary to resolve the issues before us").

At this point, the Department began conducting its nightly headcount and petitioner was ordered to "lock in" to his cell for the night along with the cellmate he claimed had threatened him. Petitioner refused to lock in and remained in the dayroom. As a result, the Department issued petitioner a Major B14-18 violation. A Major B14-18 violation constitutes "[i]nterfering with an officer in the performance of duties or any disobedience or refusal of an officer's instruction or order that threatens or disrupts institutional security or interferes with the taking of an official institutional headcount." Petitioner was immediately handcuffed and placed in administrative segregation pending a violation hearing.

The hearing was held on May 31. The hearing officer made findings under the preponderance-of-the-evidence standard based on the Department's notice of hearing, disciplinary report, investigation report, petitioner's testimony, and the testimony of the correctional officer petitioner spoke with on May 25 and the shift supervisor, both of whom petitioner called as witnesses. The hearing officer found that petitioner was twice directed to lock in to his cell but refused and remained seated in the dayroom, stating that his refusal was because his request for protective custody had not been addressed. On this basis, the hearing officer found petitioner guilty of the violation and sentenced him to seven days of administrative segregation with credit for time served.

Petitioner appealed his disciplinary-report conviction to the facility superintendent. He argued that the conviction should be dismissed "in the interest of justice" because he notified a correctional officer of the alleged threat and requested protective custody, but the Department "failed to take [his] safety seriously" and disciplined him for refusing to lock in with the inmate who allegedly threatened him. The superintendent denied the appeal.

Petitioner then filed a complaint in superior court seeking review of the Department's disciplinary determination under Vermont Rule of Civil Procedure 75. At this point, an attorney from the Prisoners' Rights Office entered an appearance on his behalf.

The parties filed cross-motions for summary judgment. Petitioner argued that his disciplinary report should be vacated and expunged because there was no evidence that his refusal threatened or disrupted institutional security or interfered with the taking of an official institutional headcount. He also contended that the Department failed to consider the safety concerns he cited as a basis for his refusal, arguing that necessity and self-defense—affirmative defenses to a criminal charge—were applicable. See State v. Knapp, 147 Vt. 56, 59 (1986) (observing that defendant is entitled to jury instruction on affirmative defense to criminal charge if defendant "establish[es] a prima facie case on each of the elements of the defense asserted"). The Department asserted that criminal defenses do not apply in prison-discipline proceedings, and that even if the defenses were available, petitioner had not made the requisite showing of an actual, imminent threat that left him with no reasonable alternative other than refusing the order to lock in. See State v. Fonseca-Cintron, 2019 VT 80, ¶ 11, 213 Vt. 11 (listing reasonable belief of "immediate danger of unlawful bodily harm" among elements of self-defense (quotation omitted)); State v. Thayer, 2010 VT 78, ¶ 6, 188 Vt. 482 (providing that emergency "so imminent and compelling as to raise a reasonable expectation of harm" is among elements of necessity defense). It also argued that it was entitled to summary judgment because the disciplinary finding was supported by the evidence, petitioner received all procedural protections mandated by law, and the hearing officer considered petitioner's claim of fear and request for protective custody but found the refusal unjustified under the circumstances.

The court granted the Department's motion and denied petitioner's motion. The court concluded that the evidence in the record supported petitioner's disciplinary-report conviction because it indicated that his refusal to lock in for the night occurred during the facility's nightly headcount, and thus "interfered with the taking of an official institutional headcount" insofar as it required the Department to divert its resources from taking the headcount to address petitioner's refusal. The court also explained that assuming for the sake of argument that petitioner's affirmative defenses applied in a disciplinary proceeding, the record "consist[ed] solely of [petitioner's] statements about having been threatened earlier in the day" and did not support a finding that he faced an immediate or imminent threat of physical harm as required to support those defenses. It therefore entered judgment for the Department. This appeal followed.

## II. Analysis

Petitioner—now self-represented—first argues that he received ineffective assistance of counsel below.[2] We find this argument without merit. Assuming, without deciding, that petitioner had a right to effective assistance of counsel in his Rule 75 proceeding, the deficiencies he alleges could not satisfy the applicable test as a matter of law. See, e.g., In re K.F., 2013 VT 39, ¶ 22, 194 Vt. 64 (declining to address whether parents have right to challenge effectiveness of counsel in termination-of-parental-rights proceeding because assuming such right existed, supporting allegations, taken as true, could not satisfy ineffective-assistance test applied in criminal context).

"Vermont uses a two-part standard for evaluating an ineffective assistance of counsel claim—a test that is essentially equivalent under the United States and Vermont constitutions." In re Combs, 2011 VT 75, ¶ 9, 190 Vt. 559 (mem.). First, the proponent of the claim must show by a preponderance of the evidence that the attorney's performance "fell below an objective standard of reasonableness informed by prevailing professional norms." Id. (quotation omitted). The second prong requires the proponent to prove that the attorney's performance resulted in prejudice "by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation omitted). A "reasonable probability" is one "sufficient to undermine confidence in the outcome," and "not merely an abstract possibility." In re Burke, 2019 VT 28, ¶ 18, 210 Vt. 157 (quotations omitted).

Here, petitioner argues that his attorney provided ineffective assistance of counsel in filing a motion for summary judgment, instead of proceeding to a trial on the merits. He also contends that his attorney was ineffective in failing to raise "important elements of the argument, including, but not limited to" the Department's alleged: (1) nonadherence to its own protective-custody policy as set forth in Directive 410.05; (2) violation of his rights under the Fourteenth Amendment to the U.S. Constitution through deliberate indifference to his conditions of confinement, constituting punishment; and (3) failure to take reasonable measures to protect him from violence at the hands of another inmate, in contravention of the Eighth Amendment to the

---

[2] The Department argues that this claim was not preserved for our review on appeal. We do not require preservation, however, where the party claiming error on appeal did not have a meaningful opportunity to raise the argument below. Cf. State v. Vuley, 2013 VT 9, ¶ 39, 193 Vt. 622 ("[A]n argument truncated by the trial court is normally sufficient to preserve unstated grounds for objection."). The Department does not explain how petitioner could have raised an ineffective-assistance claim in the trial court while being represented by the attorney he now claims rendered ineffective assistance. We assume for purposes of this decision that petitioner's ineffective-assistance claim is appropriately presented for the first time in on appeal.

U.S. Constitution. We do not consider whether the first prong of the test was met with respect to any of these arguments because petitioner has not made the requisite showing that, but for these alleged errors, there is a "reasonable probability" that the result of the proceeding would have been different. Combs, 2011 VT 75, ¶ 9.

First, petitioner has not demonstrated that his attorney's conduct in moving for summary judgment had any bearing on the outcome of the Rule 75 proceeding. The Department also moved for summary judgment, and the trial court granted the Department's motion. Petitioner has not identified any "reasonable probability" that the result would have been different had he not filed his cross-motion for summary judgment. Burke, 2019 VT 28, ¶ 18 (quotation omitted).

The same is true with respect to petitioner's contention that his attorney failed to raise additional arguments on appeal. Because petitioner did not present those issues to the superintendent in his administrative appeal, they were not preserved for the superior court's review. Pratt v. Pallito, 2017 VT 22, ¶ 16, 204 Vt. 313 (explaining that "to properly preserve an issue" for Rule 75 review, "a party must present the issue to the administrative agency with specificity and clarity in a manner which gives the agency a fair opportunity to rule on it" (quotation and alteration omitted)). As we explained in Pratt v. Pallito, preservation of arguments on appeal from an initial disciplinary determination to the facility superintendent is "critical to subsequent judicial review" under Rule 75. Id. ¶¶ 19-20 (holding that preservation requirement applies in this context because Department's disciplinary rules "specifically authorize any inmate who needs help appealing a disciplinary conviction to the Superintendent to contact the Prisoners' Rights Office" and explaining that requirement ensures development of focused evidentiary record, affords reviewing court benefit of Department's interpretation of rules at issue, and gives Department opportunity to correct errors); see Vermont Department of Corrections Directive 410.01, Facility Rules and Inmate Discipline § 9(a), https://outside. vermont.gov/dept/DOC/Policies/Facility%20Rules%20and%20Inmate%20Discipline%20 Directive.pdf [https://perma.cc/FBP6-DWFS] (providing that "[a]ny inmate who needs assistance in completing" written appeal to superintendent "should contact their Caseworker and/or the Prisoners' Rights Office"). In his appeal to the facility superintendent, petitioner did not cite Directive 410.05 or make any reference to his rights under the Eighth and Fourteenth Amendments. Because petitioner did not preserve these arguments in his administrative appeal, raising them in the Rule 75 proceeding would have created no "reasonable probability" of a different result. Combs, 2011 VT 75, ¶ 9; see, e.g., Pratt, 2017 VT 22, ¶ 18 (rejecting argument that trial court could have reviewed unpreserved arguments under plain-error standard of review in civil Rule 75 action).

Petitioner cannot raise his constitutional and policy-based arguments on appeal to this Court for the same reason they do not support his ineffective-assistance claim: they were not preserved in his administrative appeal. Pratt, 2017 VT 22, ¶¶ 16-20. The same result lies with respect to petitioner's assertion that the Department allegedly violated 28 V.S.A. §§ 601(3) and 851 and his brief suggestion that he was subject to "prejudicial pretrial publicity." These contentions are inadequately briefed. See V.R.A.P. 28(a)(4) (requiring that appellant's brief include "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies"); Pcolar v. Casella Waste Sys. Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (explaining that self-represented litigants must satisfy minimum briefing standards of Rule 28(a)(4) and declining to address inadequately briefed argument). We would not, however, reach them even if appropriately supported because petitioner likewise failed to preserve them by raising them in his administrative appeal. Pratt, 2017 VT 22, ¶¶ 16-20.

As discussed above, in his appeal to the superintendent, petitioner argued only that his disciplinary-report conviction should be overturned in the interests of justice because of the Department's allegedly inadequate response to his safety concerns and requests for protective custody. Our review is therefore circumscribed to these issues. Id.

We review the trial court's summary-judgment decision without deference, applying the same standard used below. King v. Gorczyk, 2003 VT 34, ¶ 7, 175 Vt. 220. Summary judgment is appropriate "when the party against whom judgment is sought is given the benefit of all reasonable doubts and inferences, but no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." Parker v. Gorczyk, 173 Vt. 477, 478 (2001). We will affirm a grant of summary judgment when the record, considered in this light, "clearly indicates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." King, 2003 VT 34, ¶ 7.

The standard of review for prison discipline determinations is "highly deferential." LaFaso v. Patrissi, 161 Vt. 46, 50 (1993). To be sure, "[p]risoners accused of disciplinary infractions may not be punished for such actions unless their guilt can be shown by a preponderance of the evidence." Id. at 54. But "[o]n judicial review of the sufficiency of evidence at a prison disciplinary hearing, the hearing officer's final determination must be upheld if it is supported by 'some evidence' in the record." Herring v. Gorczyk, 173 Vt. 240, 243 (2001). The "some evidence" standard " 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.' " LaFaso, 161 Vt. at 50 (quoting Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985)). Rather, " 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.' " Herring, 173 Vt. at 243 (quoting Hill, 472 U.S. at 455-56)).

This standard is satisfied here. As noted above, a Major B14-18 violation constitutes "[i]nterfering with an officer in the performance of duties or any disobedience or refusal of an officer's instruction or order that threatens or disrupts institutional security or interferes with the taking of an official institutional headcount." There is evidence in the record supporting the hearing officer's conclusion: petitioner refused a correctional officer's order to lock in to his cell for headcount, and the diversion of resources necessary to address petitioner's refusal interfered with the taking of that official institutional headcount. The hearing officer acknowledged that petitioner's stated reason for refusing to lock in was that his request for protective custody was not answered, but nonetheless concluded that a preponderance of the evidence supported the conclusion that petitioner was responsible for a Major B14-18 violation. It was for the hearing officer, not the trial court or this Court, to weigh that evidence. See LaFaso, 161 Vt. at 50 (explaining that "some evidence" standard does not require weighing of the evidence); Hill, 472 U.S. at 455-56 (explaining that disciplinary board's "factual findings or decisions with respect to appropriate punishment" are not "subject to second-guessing upon review"). The hearing officer considered petitioner's stated basis for refusal but nonetheless found him responsible for the violation. Because there is evidence in the record supporting this determination, it must be upheld. Herring, 173 Vt. at 243.

Finally, petitioner argues that the trial court erred in concluding that—assuming he had a right to raise affirmative defenses to a criminal charge in opposition to a disciplinary report—the evidence in the record was insufficient to sustain his self-defense and necessity defenses. Petitioner raised these defenses, which present distinct legal issues as compared with his more general interests-of-justice argument, for the first time in his Rule 75 proceeding. Because

5

petitioner did not argue in his appeal to the superintendent that these defenses applied and that he had a right to a determination of their applicability in the hearing officer's decision, the issue was not preserved for the trial court's review and therefore could not provide a basis for reversal. Pratt, 2017 VT 22, ¶¶ 16-20.  As a result, we affirm without addressing petitioner's challenges to the trial court's reasoning on these points.  See In re Handy, 171 Vt. 336, 343 (2000) ("We will not reverse a lower court's decision if the record before us discloses any legal ground which would justify the result, whether briefed or not." (quotations and citations omitted)).

We have addressed all arguments discernible in petitioner's brief and find them to be without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Nancy J. Waples, Associate Justice

_____
Christina E. Nolan, Associate Justice